### Kathryn S. BRAUN, Plaintiff-Appellant,

v.

### INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.

No. 73-3230

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1974.

Tom Davis, Don L. Davis, Austin, Tex., Jerry R. Hoodenpyle, Arlington, Tex., for plaintiff-appellant.

David S. Kidder, Walter H. Mizell, Dallas, Tex., for defendant-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, the widow of a former employee of Hickok Manufacturing Company, brought a suit seeking to recover $25,000 under an insurance policy issued by the employer's group insurer, the Insurance Company of North America. At issue is an exclusion provision in the policy which disallowed any recovery if the accident occurred while the assured

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 431 F.2d 409, Part I.

was traveling in a company airplane.[1] The District Court granted the insurance company's motion for a directed verdict on the grounds that recovery was barred by the exclusion provision in the policy. We affirm.

The deceased, Richard J. Braun, died in an airplane crash on January 18, 1972. The aircraft was a Lear jet owned by the Tandy Corporation for the private use of Mr. Tandy, executives of Tandy Corporation, and employees or representatives of Tandy subsidiaries. Hickok Manufacturing Company was a subsidiary of Tandy[2] and Braun was traveling on company business at the time of the fatal crash.

On appeal Mrs. Braun asserts that Tandy Corporation is not an *affiliate* of Hickok Manufacturing Company under a proper definition of the word.[3] The District Court found to the contrary in its "Memorandum on Instructed Verdict" and held that Tandy Corporation was an affiliate of Hickok Manufacturing Company and therefore the exclusionary provision was in effect.

In an onslaught of dictionary definitions, appellant attempts to restrict the usage of the word affiliate in the insurance policy to organizations in a subordinate relationship to Hickok. Arguing that the Latin origins of the word compel an interpretation of affiliate as referring to adoption by a parent institution of others which are dependent, the appellant contends that affiliate cannot refer to an associate with a superior status. Alleging the existence of ambiguity regarding the use of the word affiliate, the appellant asserts that the Court must construe the contract provision most favorably to the assured. Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953).

■■ We neither accept the appellant's viewpoint that the policy provision was ambiguous nor adopt the appellant's restrictive downstream definition of the word affiliate. In adherence to the rule in Texas that unambiguous writings must be construed so as to give effect to the intentions of the parties, Republic National Life Ins. Co. v. Spillars, 368 S.W. 2d 92 (Tex.1963) we conclude that the intent of the parties was to extend subsection (d) to any plane (owned or leased) used by employees or representatives of any of the separate corporate entities within the corporate structure. The word affiliate was not used grammatically but rather legally in the context of the present day corporation, most spectacularly represented by the conglomerate, in which connections between companies may be vertical, diagonal or

---

1. The exclusionary provision in Part I of the policy relating to "Description of Coverage," provided:

    "With respect to air travel, the insurance afforded shall apply to loss caused by or resulting from travel or flight in any aircraft, or any other device for aerial navigation, including boarding or alighting therefrom, except

    "(a) * * *
    "(b) * * *
    "(c) * * *

    "(d) any such aircraft or device which is owned or leased by or on behalf of [Hickok Manufacturing Company] or any subsidiary or affiliate of [Hickok Manufacturing Company]."

2. Prior to June 1971, Hickok Manufacturing Company had been a closely held corporation. At that time 99% of the corporate stock was purchased by P. J. Parker, Inc. In July 1971 P. J. Parker merged with HTT, Inc. a holding company which was 100% owned by Tandy Corporation. The surviving company from the merger was HTT, Inc. which gradually acquired 99% of Hickok stock thus making Hickok a wholly owned subsidiary of HTT while HTT remained a wholly owned subsidiary of Tandy.

3. Appellant designated a second issue on appeal, whether the aircraft was *leased* by Tandy Corporation to Hickok Manufacturing Company at the time of the fatal crash. We see no issue here and conclude that appellant based her second issue on a misinterpretation of the exclusionary provision of the policy. The wording of the provision was intended to refer to any company airplane, whether that plane was *owned* by an affiliate or *leased* by an affiliate. The language "owned or leased" did not refer to the relationship between the individual companies within the corporate structure or the technical legal status or characterization of the contractual arrangement under which the airplane was made available for use.

horizontal and sometimes all the way around with occasional mixtures of any one or all of the four. What was intended was to exclude coverage for deaths or injuries while a passenger in a "company" airplane. The clause clearly defined what the "company" was in broad but economically understandable terms.

 This affords a fair and reasonable reading of the provision rather than a strained technical one. State Farm Mutual Auto Ins. Co. v. Walker, 334 S.W.2d 458 (Tex.Civ.App.—Ft. Worth, 1960, reh. den., err. ref. n. r. e.); Trinity Universal Ins. Co. v. Tubbs, 342 S.W.2d 209 (Tex.Civ.App.—Amarillo, 1960, reh. den., err. ref. n. r. e.). The language of the policy was plain and therefore is entitled to judicial enforcement. Royal Indemnity Co. v. Marshall, 388 S.W.2d 176 (Tex.Sup.1965).

Affirmed.